UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **ULTIMATE TIMING, L.L.C.,** a Washington limited liability company, and **ARASH KIA,** an individual, <br><br> Plaintiffs, <br><br> v. <br><br> **DAVID SIMMS,** an individual, **SA INNOVATIONS, LLC, d/b/a SAI TIMING & TRACKING,** a Michigan limited liability company. <br><br> Defendants. | **No. Misc.** <br> United States District Court Western District of Washington at Seattle 2:08-cv-01632-MJP <br><br> **NOTICE OF SUBPOENA** |

Plaintiffs, Ultimate Timing, L.L.C. and Arash Kia (collectively "Plaintiffs"), hereby give

notice of serving the attached subpoena on Person(s) Most Knowledgeable for ChronoTrack

Systems, Inc.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jwright@robertskaplan.com

Attorneys for Plaintiff

NOTICE OF SUBPOENA - 1

**RICHARD L. BAUM, WSBA 12581**
**ROBERTS KAPLAN LLP**
601 S.W. SECOND AVENUE, SUITE 1800
PORTLAND, OREGON 97204-3171
PHONE: 503-221-0607; FAX: 503-221-1510

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF SUBPOENA** was served on:

William D. Fisher
WFisher@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Andrew S. Ward
award@evansville.net
WARD LAW OFFICE, LLC
PO Box 902
Evansville, IN 47706-5550
Telephone: (812) 424-5550
Facsimile: (812) 428-6617

[ ]   notice of electronic filing using the CM/ECF system; or

[ ]   by causing a copy to be sent via e-mail to the above parties; or

[ ]   by causing a copy addressed as shown above to be transmitted on the date below via telecopier to the facsimile number shown above; or

[ ]   by causing a copy thereof to be hand delivered on the date below addressed as shown above; or

[ X ]  by causing a copy thereof to be placed in a sealed envelope, postage prepaid, addressed as shown above in the United States Mail at Portland, Oregon, on the date below.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jwright@robertskaplan.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE - 2

30169598.2

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Indiana

| | |
|---|---|
| ULTIMATE TIMING, L.L.C., and ARASH KIA | ) |
| *Plaintiff* | ) |
| v. | ) |
| DAVID SIMMS, and SA INNOVATIONS, LLC | ) |
| d/b/a SAI TIMING | ) |
| *Defendant* | ) |

Civil Action No.   2:08-cv-01632-MJP

(If the action is pending in another district, state where:

Western District of Washington

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Person(s) Most Knowledgeable for ChronoTrack Systems, Inc., 111 East Diamond Avenue, Evansville, Indiana 47711

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit 1

| Place: Kahn, Dees, Donovan & Kahn, LLP<br>501 Main Street, Suite 305<br>Evansville, IN  47708 | Date and Time:<br>12/04/2009 2:00 pm |
|---|---|

The deposition will be recorded by this method:   certified court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/12/2009

*CLERK OF COURT*

OR   *[signature]*

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Ultimate Timing, L.L.C. and Arash Kia  who issues or requests this subpoena, are:

Jason A. Wright, pro hac vice
Roberts Kaplan LLP
601 SW Second Avenue, Suite 1800, Portland, OR 97204   (503) 221-0607   jwright@robertskaplan.com

Civil Action No. 2:08-cv-01632-MJP

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____           _____
                                         *Server's signature*

                                _____
                                         *Printed name and title*


                                _____
                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# <u>EXHIBIT 1 TO SUBPOENA</u>

## MATTERS ON WHICH DEPOSITION TESTIMONY IS SOUGHT

1.  The business of ChronoTrack Systems, Inc. ("ChronoTrack"), including, without limitation, (i) all current and past owners, shareholders, investors, directors, officers, employees and contractors; (ii) its business concepts and operations; (iii) its products and services; and (iv) it capital, revenues, funding, spending, income, expenses, profits, and losses.

2.  ChronoTrack's relationship with Mike Burns.

3.  ChronoTrack's relationship with Burns Computer Services.

4.  ChronoTrack's relationship with David Simms.

5.  ChronoTrack's relationship with SA Innovations, also known as SAI Timing & Tracking.

6.  ChronoTrack's relationship with Tacit Solutions, Inc.

7.  ChronoTrack's relationship with Simmco Data Systems, Inc.

8.  ChronoTrack's relationship with Dan Howell.

9.  ChronoTrack's relationship with Bob Finnegan.

10. ChronoTrack's relationship with John Kelsey.

11. ChronoTrack's relationship with Impinj, Inc.

12. ChronoTrack's relationship with MPI Labels.

13. ChronoTrack's relationship with Alien.

14. ChronoTrack's relationship with any participatory sports timing companies.

15. ChronoTrack's relationship Arash Kia, Ultimate Timing, and/or Athletes Lounge, including, without limitation, any monetary contribution, payment, funding, or investment that ChronoTrack has made, directly or indirectly, to Arash Kia, Ultimate Timing, and/or Athlete's Lounge from January 1, 2007 to present.

16. Efforts by ChronoTrack to promote the Class 1 Gen 2 UHF RFID participatory sports timing system originally conceived and invented by Arash Kia.

17. Any documents and things referring to, relating to, or constituting any contract, agreement, or understanding (including any confidentiality or non-disclosure agreement) between ChronoTrack and David Simms, Arash Kia, Ultimate Timing, Athletes Lounge, Burns Computer Services, Mike Burns, Tacit Solutions, Inc., Simmco Data Systems, Inc., Dan Howell, Bob Finnegan, John Kelsey, and SA Innovations, also known as SAI Timing & Tracking from January 1, 2007 to present.

18. Communications between ChronoTrack and any person or entity that refers or relates to the subject of this litigation or any claims or defenses raised by any party to this lawsuit or the lawsuit filed by Tacit and ChronoTrack entitled *Tacit Solutions, Inc., et al. v. Arash Kia, et al.* filed in the Southern District of Indiana Evansville Division as matter number 3:09-cv-142 RLY-WGH.

19. Any and all documents produced in response to ChronoTrack's subpoena requiring production of documents identified in Exhibit 1.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ULTIMATE TIMING, L.L.C., a Washington )
limited liability company, and **ARASH KIA**, )
an individual, )
                                 )
                    Plaintiffs, )

         v. )

**DAVID SIMMS**, an individual, **SA** )
**INNOVATIONS, LLC, d/b/a SAI TIMING** )
**& TRACKING**, a Michigan limited liability )
company. )
                                 )
                    Defendants. )

No. Misc.
United States District Court Western
District of Washington at Seattle
2:08-cv-01632-MJP

**NOTICE OF SUBPOENA**

Plaintiffs, Ultimate Timing, L.L.C. and Arash Kia (collectively "Plaintiffs"), hereby give

notice of serving the attached subpoena on Person(s) Most Knowledgeable for Tacit Solutions,

Inc.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
     Richard L. Baum, WSBA # 12581
     rbaum@robertskaplan.com
     Jason A. Wright, *pro hac vice*
     jwright@robertskaplan.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF SUBPOENA** was served on:

William D. Fisher
WFisher@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Andrew S. Ward
award@evansville.net
WARD LAW OFFICE, LLC
PO Box 902
Evansville, IN 47706-5550
Telephone: (812) 424-5550
Facsimile: (812) 428-6617

[  ]   notice of electronic filing using the CM/ECF system; or

[  ]   by causing a copy to be sent via e-mail to the above parties; or

[  ]   by causing a copy addressed as shown above to be transmitted on the date below via telecopier to the facsimile number shown above; or

[  ]   by causing a copy thereof to be hand delivered on the date below addressed as shown above; or

[ X ]   by causing a copy thereof to be placed in a sealed envelope, postage prepaid, addressed as shown above in the United States Mail at Portland, Oregon, on the date below.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jjwright@robertskaplan.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE - 2

30169597.2

RICHARD L. BAUM, WSBA 12581
ROBERTS KAPLAN LLP
601 S.W. SECOND AVENUE, SUITE 1800
PORTLAND, OREGON 97204-3171
PHONE: 503-221-0607; FAX: 503-221-1510

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Indiana

| | |
|---|---|
| ULTIMATE TIMING, L.L.C., and ARASH KIA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:08-cv-01632-MJP |
| DAVID SIMMS, and SA INNOVATIONS, LLC | ) |
| d/b/a SAI TIMING | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Western District of Washington |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Person(s) Most Knowledgeable for Tacit Solutions, Inc., 111 East Diamond Avenue,
Evansville, Indiana  47711

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See attached Exhibit 1

| Place: Kahn, Dees, Donovan & Kahn, LLP<br>       501 Main Street, Suite 305<br>       Evansville, IN  47708 | Date and Time:<br><br>       12/04/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   certified court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/12/2009

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ultimate Timing, L.L.C.
and Arash Kia                                  , who issues or requests this subpoena, are:

Jason A. Wright, pro hac vice
Roberts Kaplan LLP
601 SW Second Avenue, Suite 1800, Portland, OR 97204     (503) 221-0607     jwright@robertskaplan.com

Civil Action No. 2:08-cv-01632-MJP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

ᐟ _____ , a person of suitable age and discretion who resides there,

_____ on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____      _____

*Server's signature*

_____

*Printed name and title*


_____

*Server's address*


Additional information regarding attempted service, etc:

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT 1 TO SUBPOENA

## MATTERS ON WHICH DEPOSITION TESTIMONY IS SOUGHT

1. The business of Tacit Solutions, Inc. ("Tacit"), including, without limitation, (i) all current and past owners, shareholders, investors, directors, officers, employees and contractors; (ii) its business concepts and operations; (iii) its products and services; and (iv) it capital, revenues, funding, spending, income, expenses, profits, and losses.

2. Tacit's relationship with Mike Burns.

3. Tacit's relationship with Burns Computer Services.

4. Tacit's relationship with David Simms.

5. Tacit's relationship with SA Innovations, also known as SAI Timing & Tracking.

6. Tacit's relationship with Simmco Data Systems, Inc.

7. Tacit's relationship with ChronoTrack Systems, Inc.

8. Tacit's relationship with Dan Howell.

9. Tacit's relationship with Bob Finnegan.

10. Tacit's relationship with John Kelsey.

11. Tacit's relationship with Impinj, Inc.

12. Tacit's relationship with MPI Labels.

13. Tacit's relationship with Alien.

14. Tacit's relationship with any participatory sports timing companies.

15. Tacit's relationship with Arash Kia, Ultimate Timing, and/or Athletes Lounge, including, without limitation, any monetary contribution, payment, funding, or investment that Tacit has made, directly or indirectly, to Arash Kia, Ultimate Timing, and/or Athlete's Lounge from January 1, 2007 to present.

16. Efforts by Tacit to promote the Class 1 Gen 2 UHF RFID participatory sports timing system originally conceived and invented by Arash Kia.

17. Any documents and things referring to, relating to, or constituting any contract, agreement, or understanding (including any confidentiality or non-disclosure agreement) between Tacit and David Simms, Arash Kia, Ultimate Timing, Athletes Lounge, Burns Computer Services, Mike Burns, Simmco, ChronoTrack Systems, Inc., Dan Howell, Bob Finnegan, John Kelsey, and SA Innovations, also known as SAI Timing & Tracking from January 1, 2007 to present.

18. Communications between Tacit and any person or entity that refers or relates to the subject of this litigation or any claims or defenses raised by any party to this lawsuit or the lawsuit filed by Tacit and ChronoTrack entitled *Tacit Solutions, Inc., et al. v. Arash Kia, et al.* filed in the Southern District of Indiana Evansville Division as matter number 3:09-cv-142 RLY-WGH.

19. Any and all documents produced in response to Tacit's subpoena requiring production of documents identified in Exhibit 1.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **ULTIMATE TIMING, L.L.C.**, a Washington limited liability company, and **ARASH KIA**, an individual, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| **DAVID SIMMS**, an individual, **SA INNOVATIONS, LLC, d/b/a SAI TIMING & TRACKING**, a Michigan limited liability company. | ) ) ) ) ) |
| Defendants. | ) ) |

No. Misc.
United States District Court Western
District of Washington at Seattle
2:08-cv-01632-MJP

**NOTICE OF SUBPOENA**

Plaintiffs, Ultimate Timing, L.L.C. and Arash Kia (collectively "Plaintiffs"), hereby give

notice of serving the attached subpoena on Bob Finnegan.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jwright@robertskaplan.com

Attorneys for Plaintiff

NOTICE OF SUBPOENA - 1

30169611.1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF SUBPOENA** was served on:

William D. Fisher
WFisher@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Andrew S. Ward
award@evansville.net
WARD LAW OFFICE, LLC
PO Box 902
Evansville, IN 47706-5550
Telephone: (812) 424-5550
Facsimile: (812) 428-6617

[ ]    notice of electronic filing using the CM/ECF system; or

[ ]    by causing a copy to be sent via e-mail to the above parties; or

[ ]    by causing a copy addressed as shown above to be transmitted on the date below via telecopier to the facsimile number shown above; or

[ ]    by causing a copy thereof to be hand delivered on the date below addressed as shown above; or

[ X ]  by causing a copy thereof to be placed in a sealed envelope, postage prepaid, addressed as shown above in the United States Mail at Portland, Oregon, on the date below.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP


By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jwright@robertskaplan.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE - 2

30169611.1

# UNITED STATES DISTRICT COURT

### for the
### Southern District of Indiana

| | | |
|---|---|---|
| ULTIMATE TIMING, L.L.C., and ARASH KIA | ) | |
| *Plaintiff* | ) | Civil Action No.   2:08-cv-01632-MJP |
| v. | ) | |
| DAVID SIMMS, and SA INNOVATIONS, LLC | ) | (If the action is pending in another district, state where: |
| d/b/a SAI TIMING | ) | |
| *Defendant* | ) | Western District of Washington |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  Bob Finnegan, c/o ChronoTrack Systems, Inc., 111 East Diamond Avenue, Evansville, Indiana 47711

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kahn, Dees, Donovan & Kahn, LLP<br>   501 Main Street, Suite 305<br>   Evansville, IN  47708 | Date and Time:<br><br>   12/03/2009 9:00 am |
|---|---|

The deposition will be recorded by this method:   certified court reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   11/12/2009

| *CLERK OF COURT* | OR | *Jason Wright* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Ultimate Timing, L.L.C.
and Arash Kia                                          , who issues or requests this subpoena, are:

Jason A. Wright, pro hac vice
Roberts Kaplan LLP
601 SW Second Avenue, Suite 1800, Portland, OR 97204      (503) 221-0607      jwright@robertskaplan.com

Civil Action No. 2:08-cv-01632-MJP

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the subpoena on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because _____ ; or

❐ Other *(specify)*:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also

tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .


I declare under penalty of perjury that this information is true.


Date: _____          _____

                                                 *Server's signature*

                                       _____

                                                 *Printed name and title*


                                       _____

                                                 *Server's address*


Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

**ULTIMATE TIMING, L.L.C.**, a Washington )
limited liability company, and **ARASH KIA,** )
an individual, )
                       )
                 Plaintiffs, )
                       )
      v. )
                       )
**DAVID SIMMS**, an individual, **SA** )
**INNOVATIONS, LLC, d/b/a SAI TIMING** )
**& TRACKING**, a Michigan limited liability )
company. )
                       )
                Defendants. )
                       )

No. Misc.
United States District Court Western
District of Washington at Seattle
2:08-cv-01632-MJP

**NOTICE OF SUBPOENA**

      Plaintiffs, Ultimate Timing, L.L.C. and Arash Kia (collectively "Plaintiffs"), hereby give

notice of serving the attached subpoena on Dan Howell.

      DATED this 12th day of November, 2009.

                  ROBERTS KAPLAN LLP

                  By: _____
                        Richard L. Baum, WSBA # 12581
                        rbaum@robertskaplan.com
                        Jason A. Wright, *pro hac vice*
                        jwright@robertskaplan.com

                     Attorneys for Plaintiff

NOTICE OF SUBPOENA - 1

RICHARD L. BAUM, WSBA 12581
**ROBERTS KAPLAN LLP**
601 S.W. SECOND AVENUE, SUITE 1800
PORTLAND, OREGON 97204-3171
PHONE: 503-221-0607; FAX: 503-221-1510

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing **NOTICE OF SUBPOENA** was served on:

William D. Fisher
WFisher@perkinscoie.com
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

Andrew S. Ward
award@evansville.net
WARD LAW OFFICE, LLC
PO Box 902
Evansville, IN  47706-5550
Telephone: (812) 424-5550
Facsimile: (812) 428-6617

[  ]   notice of electronic filing using the CM/ECF system; or

[  ]   by causing a copy to be sent via e-mail to the above parties; or

[  ]   by causing a copy addressed as shown above to be transmitted on the date below via telecopier to the facsimile number shown above; or

[  ]   by causing a copy thereof to be hand delivered on the date below addressed as shown above; or

[ X ]   by causing a copy thereof to be placed in a sealed envelope, postage prepaid, addressed as shown above in the United States Mail at Portland, Oregon, on the date below.

DATED this 12th day of November, 2009.

ROBERTS KAPLAN LLP

By: _____
Richard L. Baum, WSBA # 12581
rbaum@robertskaplan.com
Jason A. Wright, *pro hac vice*
jwright@robertskaplan.com

Attorneys for Plaintiffs

CERTIFICATE OF SERVICE - 2

30169610.1