UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| TACIT SOLUTIONS, INC. and | ) | |
| CHRONOTRACK SYSTEMS, INC. | ) | |
| | ) | |
| Plaintiffs and Counter-Defendants, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-cv-00142-SEB-WGH |
| | ) | |
| ARASH KIA, an individual; and | ) | |
| ULTIMATE TIMING, LLC, a Washington | ) | |
| Limited Liability Company | ) | |
| | ) | |
| Defendants and Counter-Plaintiffs. | ) | |

## <u>CHRONOTRACK AND TACIT SOLUTIONS' ANSWER TO COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND CROSS-CLAIM</u>

Come now Tacit Solutions, Inc. and ChronoTrack Systems, Inc. (hereinafter referred to as "Tacit", "ChronoTrack" or collectively as "Counter-Defendants"), by counsel, and for their answer to the Counterclaims asserted by Arash Kia and Ultimate Timing, LLC (hereinafter referred to as "Kia" and "Ultimate") now state as follows:

1. Counter-Defendants admit the allegations contained in rhetorical paragraph one (1) of Defendants and Counter-Plaintiffs' Counterclaim.

2. Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph two (2) of Defendants and Counter-Plaintiffs' Counterclaim.

3. Counter-Defendants admit the allegations contained in rhetorical paragraph three (3) of Defendants and Counter-Plaintiffs' Counterclaim.

4. Counter-Defendants admit the allegations contained in rhetorical paragraph four (4) of Defendants and Counter-Plaintiffs' Counterclaim.

5.     Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph five (5) of Defendants and Counter-Plaintiffs' Counterclaim.

6.     Counter-Defendants deny Kia and Ultimate's counterclaims exceed $75,000.  Counter-Defendants admit this Court has jurisdiction over this matter as alleged in rhetorical paragraph six (6) of Defendants and Counter-Plaintiffs' Counterclaim.

7.     Counter-Defendants admit the allegations contained in rhetorical paragraph seven (7) of Defendants and Counter-Plaintiffs' Counterclaim.

8.     Counter-Defendants admit the allegations contained in rhetorical paragraph eight (8) of Defendants and Counter-Plaintiffs' Counterclaim.

9.     Counter-Defendants admit the allegations contained in rhetorical paragraph nine (9) of Defendants and Counter-Plaintiffs' Counterclaim.

10.     Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph ten (10) of Defendants and Counter-Plaintiffs' Counterclaim.

11.     Counter-Defendants deny or are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph eleven (11) of Defendants and Counter-Plaintiffs' Counterclaim.

12.     Counter-Defendants deny or are otherwise without information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twelve (12) of Defendants and Counter-Plaintiffs' Counterclaim.

13.    Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirteen (13) of Defendants and Counter-Plaintiffs' Counterclaim.

14.    Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph fourteen (14) of Defendants and Counter-Plaintiffs' Counterclaim.

15.    Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph fifteen (15) of Defendants and Counter-Plaintiffs' Counterclaim.

16.    Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph sixteen (16) of Defendants and Counter-Plaintiffs' Counterclaim.

17.    Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph seventeen (17) of Defendants and Counter-Plaintiffs' Counterclaim.

18.    Tacit admits that in July of 2007 Kia contacted Tacit and that Tacit agreed to build ramps for antennas for the three races cited and to assist in timing of the three races in return for payment in the sum of $30,000.  Tacit denies the remaining allegations contained in rhetorical paragraph eighteen (18) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph eighteen (18) of Defendants and Counter-Plaintiffs' Counterclaim.

19.     Tacit admits that it executed an NDA on July 12, 2007 and began testing antennas, tags and ramp configurations but denies the remaining allegations of rhetorical paragraph nineteen (19) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph nineteen (19) of Defendants and Counter-Plaintiffs' Counterclaim.

20.     Tacit admits that an initial test to determine whether a  timing system  could be developed occurred at the Falmouth Road Race on August 12, 2007.  Tacit further admits that its present information and belief is that the software was written by Casey Hagen and Kambiz Rahimi and that due to a number of issues including software problems the timing system did not reach acceptable read rates at the Falmouth Road Race.  Tacit otherwise denies or is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty (20) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty (20) of Defendants and Counter-Plaintiffs' Counterclaim.

21.     Tacit admits that Kia and Ultimate agreed to pay Tacit for its hardware costs and out of pocket expenses relating to Tacit's development of the timing system and that necessary software was to be developed and owned by Tacit.  Tacit further admits that Kia and Ultimate further agreed to pay Tacit 10¢ for each encoded tag sold by Kia and Ultimate and to commit that Tacit would be the exclusive supplier of equipment at a profit margin of 30-50% depending on market conditions.  Tacit would otherwise deny the remaining material allegations of rhetorical paragraph twenty-one (21) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-one (21) of Defendants and Counter-Plaintiffs' Counterclaim.

22.     Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-two (22) of Defendants and Counter-Plaintiffs' Counterclaim.

23.     Tacit admits that the timing system being developed by Tacit was tested during September and October 2007 at the Chicago Half-Marathon, Pittsburgh Great Race and Detroit Free Press Marathon and that the timing system was in the state of continuing development and was not used as the primary timing system at those events.  Tacit denies or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-three (23) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-three (23) of Defendants and Counter-Plaintiffs' Counterclaim.

24.     Tacit admits that the first race at which the timing system being developed by Tacit was used as the primary timing system was the Philadelphia Marathon held on November 17, 2007.  Tacit denies or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-four (24) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-four (24) of Defendants and Counter-Plaintiffs' Counterclaim.

25.     Tacit admits that the timing system being developed by Tacit was again used as the primary timing system at the Las Vegas Marathon held on December 2, 2007.  Tacit denies or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-five (25) of Defendants and Counter-Plaintiffs' Counterclaim.  ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in rhetorical paragraph twenty-five (25) of Defendants and Counter-Plaintiffs' Counterclaim.

26.     Counter-Defendants deny each and every material allegation contained in rhetorical paragraph twenty-six (26) of Defendants and Counter-Plaintiffs' Counterclaim.

27.     Tacit admits that the timing system being developed by Tacit was used as the primary timing system at the Honolulu Marathon held on December 9, 2007. Tacit denies or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-seven (27) of Defendants and Counter-Plaintiffs' Counterclaim. ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-seven (27) of Defendants and Counter-Plaintiffs' Counterclaim.

28.     Counter-Defendants deny and/or are otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-eight (28) of Defendants and Counter-Plaintiffs' Counterclaim.

29.     Tacit admits that in December 2007 Tacit contacted Kia by telephone requesting payment of nearly $200,000 but denies or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph twenty-nine (29) of Defendants and Counter-Plaintiffs' Counterclaim. ChronoTrack is presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph twenty-nine (29) of Defendants and Counter-Plaintiffs' Counterclaim.

30.     Counter-Defendants deny and/or are otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph thirty (30) of Defendants and Counter-Plaintiffs' Counterclaim.

31.     Counter-Defendants deny and/or are otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph thirty-one (31) of Defendants and Counter-Plaintiffs' Counterclaim.

32.     Counter-Defendants deny each and every material allegation contained in rhetorical paragraph thirty-two (32) of Defendants and Counter-Plaintiffs' Counterclaim.

33.     Counter-Defendants are presently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in rhetorical paragraph thirty-three (33) of Defendants and Counter-Plaintiffs' Counterclaim.

34.     Counter-Defendants deny and/or are otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph thirty-four (34) of Defendants and Counter-Plaintiffs' Counterclaim.

35.     Counter-Defendants deny each and every material allegation contained in rhetorical paragraph thirty-five (35) of Defendants and Counter-Plaintiffs' Counterclaim.

36.     Counter-Defendants deny each and every material allegation contained in rhetorical paragraph thirty-six (36) of Defendants and Counter-Plaintiffs' Counterclaim.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract – NDA)
### (Against Tacit)

37.     Tacit incorporates by reference its prior responses to rhetorical paragraphs one (1) through thirty-six (36) of Defendants and Counter-Plaintiffs' Counterclaim for its response to rhetorical paragraph thirty-seven (37) of Defendants and Counter-Plaintiffs' Counterclaim.

38.     Tacit denies each and every material allegation contained in rhetorical paragraph thirty-eight (38) of Defendants and Counter-Plaintiffs' Counterclaim.

39.     Tacit denies each and every material allegation contained in rhetorical paragraph thirty-nine (39) of Defendants and Counter-Plaintiffs' Counterclaim.

40.     Tacit denies each and every material allegation contained in rhetorical paragraph forty (40) of Defendants and Counter-Plaintiffs' Counterclaim.

41.     Tacit denies each and every material allegation contained in rhetorical paragraph forty-one (41) of Defendants and Counter-Plaintiffs' Counterclaim.

42.     WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph forty-two (42) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract – Partnership Agreement)
### (Tacit)

43.     Tacit incorporates by reference its prior responses to rhetorical paragraphs one (1) through forty-two (42) of Defendants and Counter-Plaintiffs' Counterclaim for its response to rhetorical paragraph forty-three (43) of Defendants and Counter-Plaintiffs' Counterclaim.

44.     Tacit admits Bob Finnegan sent an e-mail to Kia which included generally the terms set forth in subparagraphs (i), (ii) and (iii) set forth in paragraph forty-four (44) in the second counterclaim for relief.  Tacit denies the remaining material allegations contained in rhetorical paragraph forty-four (44) of Defendants and Counter-Plaintiffs' Counterclaim.

45.     Tacit denies each and every material allegation contained in rhetorical paragraph forty-five (45) of Defendants and Counter-Plaintiffs' Counterclaim.

46.     Tacit denies each and every material allegation contained in rhetorical paragraph forty-six (46) of Defendants and Counter-Plaintiffs' Counterclaim.

47.     Tacit denies each and every material allegation contained in rhetorical paragraph forty-seven (47) of Defendants and Counter-Plaintiffs' Counterclaim.

48.     Tacit denies each and every material allegation contained in rhetorical paragraph forty-eight (48) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph forty-eight (48) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

### THIRD CLAIM FOR RELIEF
### (Breach of Good Faith and Fair Dealing)
### (Against Tacit)

49.     Tacit incorporates by reference its prior responses to rhetorical paragraphs one (1) through forty-eight (48) of Defendants and Counter-Plaintiffs' Counterclaim for its response to rhetorical paragraph forty-nine (49) of Defendants and Counter-Plaintiffs' Counterclaim.

50.     Tacit admits that it executed a Non Disclosure Agreement dated July 12, 2007 but denies the remaining allegations of rhetorical paragraph fifty (50) of Defendants and Counter-Plaintiffs' Counterclaim.

51.     Tacit denies and/or is otherwise without information sufficient to form a belief as to the truth of the remaining allegations contained in rhetorical paragraph fifty-one (51) of Defendants and Counter-Plaintiffs' Counterclaim.

52.     Tacit denies each and every material allegation contained in rhetorical paragraph fifty-two (52) of Defendants and Counter-Plaintiffs' Counterclaim.

53.     Tacit denies each and every material allegation contained in rhetorical paragraph fifty-three (53) of Defendants and Counter-Plaintiffs' Counterclaim.

54.     Tacit denies each and every material allegation contained in rhetorical paragraph fifty-four (54) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph fifty-four (54) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## FOURTH CLAIM FOR RELIEF
### (Restatement 2d of Torts Section 876(a))
### (Acting in Concert or Pursuant to a Common Design)
### (Against ChronoTrack)

55.     ChronoTrack incorporates by reference its prior responses, and/or denies or is otherwise without information sufficient to form a belief as to its response to rhetorical paragraphs one (1) through fifty-four (54) of Defendants and Counter-Plaintiffs' Counterclaim for its response to rhetorical paragraph fifty-five (55) of Defendants and Counter-Plaintiffs' Counterclaim.

56.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph fifty-six (56) of Defendants and Counter-Plaintiffs' Counterclaim.

57.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph fifty-seven (57) of Defendants and Counter-Plaintiffs' Counterclaim.

58.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph fifty-eight (58) of Defendants and Counter-Plaintiffs' Counterclaim.

59.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph fifty-nine (59) of Defendants and Counter-Plaintiffs' Counterclaim.

60.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph sixty (60) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph sixty (60) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## FIFTH CLAIM FOR RELIEF
### (Restatement 2d of Torts Section 876(b))
### (Knowingly Providing Substantial Assistance)
### (Against ChronoTrack)

61.     ChronoTrack incorporates by reference its prior responses to rhetorical paragraphs one (1) through sixty (60) of Defendants and Counter-Plaintiffs' Counterclaim for its response to rhetorical paragraph sixty-one (61) of Defendants and Counter-Plaintiffs' Counterclaim.

62.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph sixty-two (62) of Defendants and Counter-Plaintiffs' Counterclaim.

63.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph sixty-three (63) of Defendants and Counter-Plaintiffs' Counterclaim.

64.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph sixty-four (64) of Defendants and Counter-Plaintiffs' Counterclaim.

65.     ChronoTrack denies each and every material allegation contained in rhetorical paragraph sixty-five (65) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph sixty-five (65) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## SIXTH CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets)**
**(Common Law and Washington Uniform Trade Secrets Act, RCW 19.108, et seq.)**
**(Against Tacit and ChronoTrack)**

66.     Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through sixty-five (65) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph sixty-six (66) of Defendants and Counter-Plaintiffs' Counterclaim.

67.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph sixty-seven (67) of Defendants and Counter-Plaintiffs' Counterclaim.

68.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph sixty-eight (68) of Defendants and Counter-Plaintiffs' Counterclaim.

69.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph sixty-nine (69) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph sixty-nine (69) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## SEVENTH CLAIM FOR RELIEF
### (Conversion)
### (Against Tacit and ChronoTrack)

70.     Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through sixty-nine (69) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph seventy (70) of Defendants and Counter-Plaintiffs' Counterclaim.

71.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-one (71) of Defendants and Counter-Plaintiffs' Counterclaim.

72.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-two (72) of Defendants and Counter-Plaintiffs' Counterclaim.

73.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-three (73) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph seventy-three (73) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## EIGHTH CLAIM FOR RELIEF
### (Unfair Competition)
### (Common Law, Washington Consumer Protection Act, RCW 19.86, et seq. )
### (Against Tacit and ChronoTrack)

74.     Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through seventy-three (73) of Defendants and Counter-Plaintiffs' Counterclaim for

their response to rhetorical paragraph seventy-four (74) of Defendants and Counter-Plaintiffs' Counterclaim.

75.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-five (75) of Defendants and Counter-Plaintiffs' Counterclaim.

76.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-six (76) of Defendants and Counter-Plaintiffs' Counterclaim.

77.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-seven (77) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph seventy-seven (77) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## NINTH CLAIM FOR RELIEF
### (Intentional Interference with Business Relationships)
### (Against Tacit and ChronoTrack)

78.     Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through seventy-seven (77) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph seventy-eight (78) of Defendants and Counter-Plaintiffs' Counterclaim.

79.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph seventy-nine (79) of Defendants and Counter-Plaintiffs' Counterclaim.

80.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty (80) of Defendants and Counter-Plaintiffs' Counterclaim.

14

81. Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-one (81) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph eighty-one (81) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

**TENTH CLAIM FOR RELIEF**
**(Unjust Enrichment)**
**(Against Tacit and ChronoTrack)**

82. Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through eighty-one (81) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph eighty-two (82) of Defendants and Counter-Plaintiffs' Counterclaim.

83. Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-three (83) of Defendants and Counter-Plaintiffs' Counterclaim.

84. Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-four (84) of Defendants and Counter-Plaintiffs' Counterclaim.

85. Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-five (85) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph eighty-five (85) of

Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

### ELEVENTH CLAIM FOR RELIEF
**(Accounting)**
**(Against Tacit and ChronoTrack)**

86.    Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through eighty-five (85) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph eighty-six (86) of Defendants and Counter-Plaintiffs' Counterclaim.

87.    Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-seven (87) of Defendants and Counter-Plaintiffs' Counterclaim.

88.    Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-eight (88) of Defendants and Counter-Plaintiffs' Counterclaim.

89.    Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph eighty-nine (89) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph eighty-nine (89) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

## TWELFTH CLAIM FOR RELIEF
### (Conspiracy)
### (Against Tacit, ChronoTrack, Simms and SAI Timing)

90.     Tacit and ChronoTrack incorporate by reference their prior responses to rhetorical paragraphs one (1) through eighty-nine (89) of Defendants and Counter-Plaintiffs' Counterclaim for their response to rhetorical paragraph ninety (90) of Defendants and Counter-Plaintiffs' Counterclaim.

91.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph ninety-one (91) of Defendants and Counter-Plaintiffs' Counterclaim.

92.     Tacit and ChronoTrack deny each and every material allegation contained in rhetorical paragraph ninety-two (92) of Defendants and Counter-Plaintiffs' Counterclaim.

WHEREFORE, Plaintiffs and Counter-Defendants Tacit and ChronoTrack request the Court enter judgment in favor of Plaintiffs and Counter-Defendants and against Defendants and Counter-Plaintiffs including the denial of any relief sought in rhetorical paragraph ninety-two (92) of Defendants and Counter-Plaintiffs' Counterclaim and for all other relief just and proper in the premises.

Tacit and ChronoTrack deny each and every other material allegation contained in Defendants and Counter-Plaintiffs' twelve claims for relief not otherwise specifically responded to herein and above.

WHEREFORE, Tacit and ChronoTrack pray for judgment in their favor and against Defendants and Counter-Plaintiffs on all counterclaims set forth above and that Defendants and Counter-Plaintiffs take nothing by way of their Counterclaims and that this Court award Tacit and ChronoTrack their attorneys fees and costs in defending this action and for all other relief just and proper in the premises.

Respectfully submitted,

_s/ James P. Casey_
James P. Casey
Jean M. Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 N. W. First Street
P. O. Box 916
Evansville, IN 47706
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mails:  jcasey@zsws.com and jblanton@zsws.com

Andrew S. Ward
Ward Law Office, LLC
420 Main Street, Suite 1402
P.O. Box 902
Evansville, IN  47706
Tel: (812) 424-5550
Fax: (812) 428-6617
E-mail: award@evansville.net

Attorneys for Plaintiffs and Counter-Defendants

## **AFFIRMATIVE DEFENSES**

Come now Tacit and ChronoTrack and for their Affirmative Defenses to the Counterclaims now state as follows:

1.     Kia and Ultimate fail to state a claim upon which relief may be granted on one or more of their claims.

2.     Kia and Ultimate's counterclaims are barred under the statue of frauds.

3.     Kia and Ultimate's counterclaims are barred due to the lack of meeting of minds and the failure to reach an agreement on all essential terms of any alleged oral contract or partnership.

4.     Kia and Ultimate's counterclaims are barred due to unilateral or mutual mistake.

5.     Kia and Ultimate's counterclaims are barred for reason of misrepresentations.

18

6.      Kia and Ultimate's counterclaims are barred due to the failure to occur or be performed of the conditions precedent to any performance.

7.      Kia and Ultimate's counterclaims are barred due to Kia and Ultimate's own non-performance and/or breach of any alleged contract, partnership or joint venture.

8.      Kia and Ultimate's counterclaims are barred under the doctrines of impracticability and/or frustration.

9.      Kia and Ultimate's counterclaims are barred under the equitable doctrines of waiver, estoppel, unclean hands, ratification, acquiescence, agreement, off-set, payment and/or release.

10.     Kia and Ultimate have failed to mitigate or otherwise avoid damages.

11.     Kia and Ultimate have contributed to or caused their own damages, if any.

12.     Tacit and ChronoTrack are entitled as a set off against any damages claimed on the counterclaims presented by Kia and Ultimate to the recovery of all of their direct and indirect costs and expenses for work performed and materials purchased and for the value of their services so as to prevent the unjust enrichment of Kia and Ultimate and to compensate Tacit and ChronoTrack pursuant to quantum meruit.

Respectfully submitted,


*s/ James P. Casey*
James P. Casey
Jean M. Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 N. W. First Street
P. O. Box 916
Evansville, IN 47706
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mails:   jcasey@zsws.com and jblanton@zsws.com

Andrew S. Ward
Ward Law Office, LLC
420 Main Street, Suite 1402
P.O. Box 902
Evansville, IN  47706
Tel: (812) 424-5550
Fax: (812) 428-6617
E-mail: award@evansville.net

Attorneys for Plaintiffs and Counter-Defendants

## CROSS-CLAIM
### (Unjust Enrichment / Quantum Meruit)

Come now Tacit Solutions, Inc. and ChronoTrack Systems, Inc. (hereinafter referred to as "Tacit", "ChronoTrack"), by counsel, and state as their cross-claim against Arash Kia and Ultimate Timing, LLC (hereinafter referred to as "Kia" and "Ultimate"), as follows:

1.      Tacit and ChronoTrack incorporate by reference the allegations contained in rhetorical paragraphs one (1) through thirty-eight (38) of their Complaint for Declaratory Judgment.

2.      Kia and Ultimate's claims for relief as set forth in their First through Twelfth Counterclaims, if granted in whole or in part, would result in the unjust enrichment of Kia and Ultimate for the reason that Tacit and ChronoTrack have incurred substantial costs and expenses in developing, testing and marketing the timing system at issue in this litigation and such direct and indirect costs and expenses should be set off against any revenues generated from the sales of the timing system, equipment and tags.

3.      In addition, in the event any relief was granted upon any of Kia and Ultimate's Counterclaims, Tacit and ChronoTrack would be entitled to recover under quantum meruit the value of the services rendered and that allowing Kia and Ultimate to retain the benefits without paying for such services would be unjust.

Respectfully submitted,


_s/ James P. Casey_ _____
James P. Casey
Jean M. Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS, LLP
20 N. W. First Street
P. O. Box 916
Evansville, IN 47706
Tel. No. (812) 424-7575
Fax No. (812) 421-5089
E-mails:  jcasey@zsws.com and jblanton@zsws.com

Andrew S. Ward
Ward Law Office, LLC
420 Main Street, Suite 1402
P.O. Box 902
Evansville, IN  47706
Tel: (812) 424-5550
Fax: (812) 428-6617
E-mail: award@evansville.net

Attorneys for Plaintiffs and Counter-Defendants

## CERTIFICATE OF SERVICE

I certify that on the 28th day of January, 2010, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Richard L. Baum
Jason A. Wright
Roberts Kaplan, LLP
rbaum@robertskaplan.com
jwright@robertskaplan.com

Jeffrey W. Ahlers
Kahn, Dees, Donovan & Kahn, LLP
jahlers@kddk.com

Andrew S. Ward
Ward Law Office, LLC
award@evansville.net


*s/ James P. Casey*
James P. Casey